**Order entered March 4, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00977-CR

**GERARDO GOMEZ-MACIEL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-32880-M**

## ORDER

On January 30, 2015, this Court ordered court reporter Sharina Fowler to file a corrected Volume 7 of the reporter's record that contains clear copies of the photograph exhibits by 4:00 p.m. on February 5, 2015. When the corrected record was not filed by February 13, 2015, we ordered Ms. Fowler to file the corrected record by 4:00 p.m. on Tuesday, February 17, 2015. Due to Ms. Fowler's failure to comply with our previous order, we further ordered that she not sit as a court reporter until she filed the corrected exhibit volume in this appeal. Nevertheless, to date, Ms. Fowler has not filed the corrected exhibit volume. The Court now has before it appellant's motion to reset his brief due date because Ms. Fowler has not filed the corrected exhibit volume. The appeal cannot proceed until the corrected exhibit volume containing clear copies of the photographs is filed in this appeal.

Accordingly, we **ORDER** the trial court to make findings regarding the following:

- The trial court shall first determine whether the record in this appeal can be supplemented with clear copies of the photographs admitted into evidence.

- Due to Ms. Fowler's failure to comply with this Court's previous orders, this Court will not accept any finding that allows Ms. Fowler to file the correct volume at a later date. If the trial court finds that the record can be supplemented with clear copies of the photographic exhibits, we specifically **ORDER** that the trial court require Ms. Fowler to surrender the corrected exhibit volume to the trial court for filing in this Court with the trial court's findings.

- The request for the reporter's record contained in the clerk's record specifically requests copies of the exhibits admitted into evidence. Therefore, if the trial court determines that the record cannot be supplemented with clear copies of the photographic exhibits, the trial court shall determine whether appellant is at fault for the loss or destruction of the exhibits and whether the parties can agree on substituted copies of the exhibits.

Due to her failure to comply with this Court's orders, court reporter Sharina Fowler remains under the Court's February 13, 2015 order that she not sit as a court reporter until further order of this Court.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any supporting documentation, any orders, and any exhibit volume to this Court within **THIRTY DAYS** of the date of this order.

The Court will defer a ruling on the due date of appellant's brief pending receipt of the trial court's findings.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Ernest White, Presiding Judge, 194th Judicial District Court; Sharina Fowler, deputy official court reporter, 194th Judicial District Court; the Dallas County Auditor; and to counsel for all parties.

We **ABATE** the appeal to allow the trial court to comply with this order.  The appeal will be reinstated thirty days from the date of this order or when the findings are received.

/s/      ADA BROWN
JUSTICE